## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA )
)
v. )       Criminal No. 3:15CR102–HEH
)
JOSHUA N. WRIGHT, )
)
     Petitioner. )

### MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Joshua N. Wright, a federal inmate proceeding *pro se*, submitted this motion under

28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF

No. 190).[1] Wright demands relief on the following grounds:

Claim One:     "Whether Hobbs Act robbery constitutes a 'crime of violence' within the meaning of [18 U.S.C.] § 924(c)(3) . . ?" (*Id.* at 4.)

Claim Two:     "Whether an error occurred in assessing an enhancement [in his sentence] for abduction against Mr. Wright?" (*Id.* at 5.)

Claim Three:     "Whether an error occurred when an upward variance doubling Mr. Wright's sentence for acquitted conduct was a violation of his rights?" (*Id.* at 6.)

The Government has responded, asserting that Wright's claims are barred from review

here and, additionally, are non-cognizable in federal habeas. Despite the provision of

notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (*see* ECF No. 191,

---

[1] The Court employs the pagination assigned to the record by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from Wright's submissions.

at 1), Wright has not filed a reply.  For the reasons stated below, the § 2255 Motion will
be denied.

## I.   FACTUAL AND PROCEDURAL HISTORY

On August 5, 2015, Wright was charged in a five-count Superseding Indictment
with:  unlawfully obstructing, delaying, and affecting commerce by robbery ("Hobbs Act
robbery") of a Valero FasMart on April 4, 2015 (Count One); knowingly and unlawfully
carrying and using by brandishing and discharging firearms during and in relation to a
crime of violence, to wit, the Hobbs Act robbery charged in Count One (Count Two);
Hobbs Act robbery of a Grab 'N Go on April 6, 2015 (Count Three); Hobbs Act robbery
of a 7-Eleven on April 29, 2015 (Count Four); and knowingly and unlawfully carrying
and using by brandishing firearms during and in relation to a crime of violence, to wit,
the Hobbs Act robbery charged in Count Four (Count Five).  (ECF No. 24 at 1–5.)[2]
Wright moved to dismiss Counts Two and Five arguing that Hobbs Act robbery "fail[ed]
to qualify categorically as a predicate crime of violence under . . . 18 U.S.C. 924(c)."
(See ECF No. 50 at 2.)  By Memorandum Opinion and Order entered on October 9, 2015,
the Court denied the motion.  (ECF Nos. 50, 51.)

Subsequently, a jury found Wright guilty of Counts Four and Five, and not guilty
on the remaining three counts.  (ECF No. 108.)  On March 17, 2016, the Court entered
judgment and sentenced Wright to 192 months on Count One and 84 months on Count
Two to be served consecutively.  (ECF No. 142 at 2.)  Wright appealed, raising nearly

---

[2] The Court later granted an unopposed motion to correct the Indictment which corrected the
serial number of a firearm identified in the Superseding Indictment.  (See ECF No. 97.)

identical claims as in his § 2255 Motion, among others. In affirming the judgment, the

United States Court of Appeals for the Fourth Circuit explained as follows:

> Wright . . . first argue[s] that Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3) and thus cannot serve as a predicate offense for [his] 18 U.S.C. 924(c)(1)(A) conviction[]. This argument is foreclosed by our decision in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

> Wright . . . next argue[s] that the district court erred by instructing the jury that Hobbs Act robbery is a crime of violence under 18 U..C. § 924(c)(3). "We review a district court's decision to give a particular jury instruction for abuse of discretion" and "whether a jury instruction correctly stated the law de novo." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir.), *cert. denied*, --- U.S.----, 139 S. Ct. 130 (2018). We "must determine whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Id.* at 89 (internal quotation marks omitted). We have reviewed the record and the relevant legal authorities and conclude the district court did not abuse its discretion in instructing the jury.

> Third, . . . Wright . . . argue[s] the district court erred by varying upwardly to account for robberies of which the jury had acquitted them or for which they had not been charged. A sentencing court is free to consider acquitted or uncharged conduct in calculating a defendant's Guidelines range. *See United States v. Lawing*, 703 F.3d 229, 241 (4th Cir. 2012). Acknowledging this fact, Wright . . . argue[s] that in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the sentencing court can only consider such conduct under a reasonable doubt standard, rather than under the preponderance standard established in *Lawing*, or must at least use a higher standard of proof when imposing a significant upward variance. However, we have continually held that "a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009); *see also United States v. Slager*, 912 F.3d 224, 233 (4th Cir.) ("When sentencing courts engage in fact finding, preponderance of the evidence is the appropriate standard of proof." (internal quotation marks omitted)), *cert. denied*, --- U.S. ----, 139 S. Ct. 2679 (2019). Accordingly, we conclude that "[t]his argument is too creative for the law as it stands." *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008).

> Fourth, . . . Wright . . . argue[s] that the district court improperly applied a four-level enhancement for abduction under the Sentencing Guidelines. *See U.S. Sentencing Guidelines Manual* § 2B3.1(b)(4)(A)

3

(2018). The Government bears the burden to prove by a preponderance of the evidence that a sentencing enhancement applies. *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). "In assessing whether a sentencing court properly applied the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Osborne*, 514 F.3d 377, 387 (4th Cir. 2008) (internal quotation marks omitted). Clear error occurs when we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted).

 A victim is "abducted" if he is "forced to accompany an offender to a different location." USSG § 1B1.1 cmt. n.1(A). We have adopted a "flexible, case by case approach to determining when movement to a different location has occurred," *Osborne*, 514 F.3d at 390 (internal quotation marks omitted). In addition, the Supreme Court has held that accompaniment "must constitute movement that would normally be described as from one place to another, even if only from one spot within a room or outdoors to a different one," but does not require movement across "large distances." *Whitfield v. United States*, 574 U.S. 265, 268 (2015); *see also Osborne*, 514 F.3d at 388 (explaining that "movement within the confines of a single building can constitute movement to a different location" (internal quotation marks omitted)). "[E]ven a temporary abduction can constitute an abduction for purposes of the [S]entencing [G]uidelines." *United States v. Nale*, 101 F.3d 1000, 1003 (4th Cir. 1996). We have reviewed the record and relevant legal authorities and conclude the district court did not clearly err in finding that Wright . . . abducted the store employees within the meaning of the Sentencing Guidelines.

*United States v. Wright*, 825 F. App'x 119, 119–21 (4th Cir 2020) (parallel citations omitted). The Supreme Court denied Wright's petition for writ of certiorari. *Wright v. United States*, 141 S. Ct. 1243 (2021).

 On March 22, 2021, the Court received the present § 2255 Motion.

## II. ANALYSIS

 Wright raised all three of his claims on direct appeal, and the Fourth Circuit rejected each claim. *See Wright*, 825 F. App'x at 119–21. Defendants are not "allowed to recast, under the guise of collateral attack, questions fully considered" by the court on

direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Wright fails to direct the Court to an intervening change of law that would permit him to re-litigate these claims. *See United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009); *see also Boeckenhaupt*, 537 F.2d at 1183. Thus, the Fourth Circuit's ruling bars collateral review of Claims One, Two, and Three. *Linder*, 552 F.3d at 396–97. Thus, Defendant's claims will be dismissed.

### III.   CONCLUSION

The § 2255 Motion (ECF No. 190) will be denied. Wright's claims and the action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: **Nov. 18, 2021**
Richmond, Virginia

5