IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:15CR102–HEH |
| ) | |
| JOSHUA N. WRIGHT, ) | |
| ) | |
| Petitioner. ) | |

### MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

By Memorandum Opinion and Order entered on November 18, 2021, the Court denied a 28 U.S.C. § 2255 motion ("§ 2255 Motion) filed by Joshua N. Wright. (ECF Nos. 195, 196.) On December 6, 2021, the Court received a letter from Wright, in essence, seeking reconsideration of the denial of his § 2255 Motion. (ECF No. 198.) Because Wright filed this letter within twenty-eight days of the November 18, 2021 Memorandum Opinion and Order, the Court construes the letter as filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406,

1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Although Wright fails to identify on what ground he seeks relief, he apparently argues that Rule 59(e) relief should be granted to correct a clear error of law or to prevent manifest injustice.  Wright states as follows:[1]

> I'm reaching out to the Court[] in regards of the Memorandum Opinion that I received 11/19/2021. My 28 U.S.C. § 2255 motion was denied, one reason being on behalf of my lack to respond back to the Government[]. I wanted to bring to the Court's notice that I never received a Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On that note, I'm requesting some type of help from the Court system. I've asked [and] requested all mail notification from the prison I'm in custody of. They seem to not be able to find any mail dating back to any dates with my name being called for any legal mail. This is a very important matter. Please help me in this matter.

(ECF No. 198, at 1.) Wright fails to demonstrate that the Court committed any error of law or that it is necessary to correct the prior decision in order to prevent manifest injustice. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))).

First, the Court denied Wright's § 2255 Motion because his claims were barred from review because the United States Court of Appeals for the Fourth Circuit already

---

[1] The Court corrects the capitalization, spelling, and punctuation in the quotation from Wright's letter.

2

rejected them on direct appeal. (*See* ECF No. 195, at 4–5.) Thus, his § 2255 Motion was not denied on the ground that he failed to respond to the Government. Second, although Wright is correct that the Government failed to provide notice pursuant to *Roseboro*, that is not an error that requires reconsidering the judgment under Rule 59(e). The Court had already provided Wright with the appropriate notice pursuant to *Roseboro* in the Memorandum Order entered on June 3, 2021, directing the Government to file a response to Wright's § 2255 Motion.[2] Thus, Wright received all of the warning due to him.

In sum, Wright fails to demonstrate that the Court committed any error of law or that it is necessary to correct the prior decision in order to prevent manifest injustice. Wright's Rule 59(e) Motion (ECF No. 198) will be denied. A certificate of appealability will be denied.

An appropriate Final Order will follow.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Jan. 10, 2022
Richmond, Virginia

---

[2] The Court explained to Wright that:

> In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner is advised that he is entitled to file a reply opposing the response of the United States that includes counter-affidavits, statements, exhibits, or other legal or factual material that supports his position in the case. In addition to such material, Petitioner is entitled to file a legal brief in opposition to the one filed by the United States.
> Petitioner is further advised that if he does not reply to the response of the United States and send a complete copy of his reply to counsel for the United States, the Court will decide the motion on the papers already filed by Petitioner and counsel for the United States. A decision favoring the United States would result in the denial of Petitioner's motion.

(ECF No. 191, at 1–2 (footnote omitted).)